**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **CRIMINAL NO. 6:23-CR-174-ADA** |
| § | |
| **LAMARCUS JERMAINE PARRISH** | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence; Aiding and Abetting, in violation of 18 U.S.C § 924(c)(1)(A)(ii). The Court sentenced the Defendant to 41 months incarceration followed by a three (3) year term of supervised release; pay a $100.00 special assessment (paid) and $42,939.00 in restitution ($42,749.00 balance); provide any requested financial information, substance abuse treatment and testing. The Defendant was released to supervision on August 31, 2022. On April 30, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender

1

Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated Standard Condition Number 3, to not leave the federal judicial district where he is authorized to reside without the permission of the Court or Probation Officer, in that on or about July 21, 2023, the defendant left the Western District of Texas and travelled to Corsicana, Texas, without permission.
>
> **Violation Number 2:** The defendant violated Mandatory Condition Number 3, to refrain from any unlawful use of a controlled substance, in that on July 31, 2023, the defendant submitted a urine sample which was positive for Amphetamine/Methamphetamine.
>
> **Violation Number 3:** The defendant violated Standard Condition Number 7, to notify the Probation Officer at least 10 days before any change in employment, in that on March 27, 2024, the defendant ceased employment at Fibrix Filtration and did not give notice to the Probation Officer.
>
> **Violation Number 5:** The defendant violated Standard Condition Number 5, the defendant must live at a place approved by the probation officer and notify the probation officer at least 10 days prior to any change in residence, in that on April 12, 2024, it was found that the defendant no longer resided at the address approved by the Probation Office.
>
> **Violation Number 6:** The defendant violated Mandatory Condition Number 1, to not commit another federal, state or local crime, in that on April 15, 2024, the defendant was observed operating a motor vehicle without a valid driver's license, a class C misdemeanor.
>
> **Violation Number 7**: The defendant violated Mandatory Condition Number 1, to not commit another federal, state or local crime, in that on April 15, 2024, the defendant was cited for operating a motor vehicle without a valid driver's license, a class C misdemeanor.
>
> **Violation Number 8**: The defendant violated Mandatory Condition Number 4, to make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution, in that for the months of November

2022 through April 2024 the defendant did not make his court ordered $100 monthly restitution payments.

At the hearing, Defendant pleaded NO CONTEST as to violation numbers 1 to 8. The Government then presented evidence that would support a finding of NO CONTEST, by a preponderance of the evidence, as to the violations.

## II. FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant be continued on supervised release with all previously ordered conditions of release, and the addition of the following three new special conditions:

1. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

2. The defendant shall be subjected to active Global Positioning System (GPS) monitoring for a term of 180 days, which shall be utilized for purposes of verifying compliance with any court-imposed condition of supervised release in this case. The defendant shall pay for the costs of the program if financially able.

3. The defendant will be placed on curfew and shall remain at the place of residence from 10:00 PM until 7:00 AM, the times of which may be modified as necessary to accommodate Defendant's employment schedule. Defendant is required to seek the permission and approval of Defendant's Probation Officer to modify the curfew.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of June, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE